UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANELLE COOPER,
Plaintiff,
v.
SSA COMMISSIONER,
Defendant.

Case No. 25-cv-10420-VC

**ORDER REMANDING FOR FURTHER PROCEEDINGS**

Re: Dkt. No. 14

The case is remanded for further proceedings. This ruling assumes the reader's familiarity with the facts, the applicable legal standards, and the arguments made by the parties.

The ALJ's conclusion that E.M.'s severe impairments do not functionally equal a listing (i.e., that he lacks either marked limitations in two domains of functioning or an extreme limitation in one domain) was not supported by substantial evidence. The entire process of assessing E.M.'s claim for benefits was infected by a serious error: the unwarranted discounting of evidence of E.M.'s serious behavior problems at home in favor of evidence of his better behavior in more structured settings like school.

SSA regulations require consideration of the "effects of structured or supportive settings," such as school classrooms, on a child's functioning. 20 C.F.R. § 416.924a(b)(5)(iv)(B). The agency recognizes that a structured setting may minimize signs of impairment and help to improve functioning, but that functional limitations may worsen outside this setting. Thus, even if a child is "able to function adequately in the structured or supportive setting," the SSA "must consider" how they function in other settings. *Id.* § 416.924a(b)(5)(iv)(C); *see also* SSR 09-1p (explaining that the agency considers all the settings in which a child has difficulties). An ALJ is

therefore obligated to develop the record regarding a child's functioning outside of the structured school setting. *See Keene ex rel. J.T. v. Astrue*, 901 F.Supp.2d 339, 353–54 (N.D.N.Y. 2012).

That didn't happen here. Quite the contrary: the ALJ discounted the evidence of E.M.'s functioning at home based on its perceived inconsistency with evidence of his functioning in the structured classroom setting. The ALJ recounted testimony from E.M.'s mother, Janelle Cooper, about her son's extreme limitations at home—including difficulty completing homework and performing other tasks, repeated attempts to start fires and cause other property damage, and regular physical outbursts and fights with his siblings—but ultimately concluded that Cooper's statements were "not entirely consistent" with the record. AR 20–21, 25. For example, in finding that E.M. has a less than marked limitation in the domain of "interacting and relating with others," the ALJ pointed to Cooper's testimony as undermined by the testimony of three of E.M.'s teachers. *Id.* at 22–23.

But it's unclear why this evidence as to how E.M. behaves in a structured school setting is inconsistent with E.M.'s behavior at home—and thus unclear that the ALJ had a "germane" reason to discount Cooper's testimony. *See Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). It's true that an ALJ may resolve conflicts in evidence and that the "presence of contradictory reports does not preclude a finding that a claimant is not disabled." *Howard ex rel. Wolff*, 341 F.3d at 1013; *see also Thomas v. Barnhart*, 278 F.3d 947, 956–57 (9th Cir. 2002). And it's okay for an ALJ to discount the testimony of a lay witness, such as a minor claimant's mother, where that testimony is inconsistent with medical evidence. *Torres v. Saul*, 798 Fed.Appx. 979, 981 (9th Cir. 2019) (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005)). But neither the ALJ's opinion nor the SSA's brief points to anything in the record that actually contradicts Cooper's account of E.M.'s home behavior. The SSA conceded as much at the hearing on this motion. And common sense, not to mention the SSA's own regulations, suggests that just because E.M. behaves one way at school does not mean that he doesn't behave another—potentially much more impaired—way at home. His functioning at school, after all, may be "largely dependent upon a self-contained classroom setting," especially when paired with

the additional supportive services he receives through his IEP. *See Archer ex rel. J.J.P. v. Astrue*, 910 F.Supp.2d 411, 427 (N.D.N.Y. 2012). The ALJ's failure to consider this possibility conflicts with both 20 C.F.R. § 416.924a(b)(5)(iv) and with the requirement that lay testimony be disregarded only for germane reasons. *See Diedrich*, 874 F.3d at 640.[1]

Frankly, it's difficult to see how an ALJ could decline to find E.M. disabled in light of his mother's testimony, at least unless additional evidence about what happens in the home contradicts that testimony. But ultimately, given its underdevelopment regarding E.M.'s home behavior and how that relates to his behavior in other settings, the record leaves at least some doubt as to whether E.M.'s impairments functionally equal a listing (i.e., whether he has either marked limitations in two domains of functioning or an extreme limitation in one domain). Remand for the direct award of benefits is therefore unwarranted. *See Treichler v. Commissioner of Social Security Administration*, 775 F.3d 1090, 1101 (9th Cir. 2014). The case is remanded for further proceedings.

**IT IS SO ORDERED.**

Dated: August 7, 2026

VINCE CHHABRIA
United States District Judge

[1] The ALJ's treatment of Cooper's lay testimony isn't the only instance of the ALJ appearing to elevate the evidence from school above most, if not all, other evidence in the record. The ALJ repeatedly concludes that medical opinions that E.M. has marked limitations in various domains should be discounted as inconsistent with the teacher questionnaires and education records. *See* AR at 23–25 (finding the following to be inconsistent with the school-related evidence and thus not persuasive: Dr. Rubin's opinion that E.M. has a marked limitation in interacting with others, Dr. Mezzasalma's opinion that E.M. has a marked impairment in social development and moderate impairment in response to stimuli, and Dr. Hla's opinion that E.M. has poor ability in most mental activities).